# Exhibit 3B

# Superior Court of the District of Columbia

CIVIL DIVISION - CIVIL ACTIONS BRANCH
INFORMATION SHEET

| | |
|---|---|
| TEQUANITHA STEWART, Personal Representative of the ESTATE OF KRISTIAN DAQUAN STEWART<br>Plaintiff(s) | Case Number: __2024-CAB-001060__ |
| VS | Date: _____ |
| WINGATE PROPERTIES LLC, et al.<br>Defendant(s) | ☐ One of the defendants is being sued in their official capacity. |

| Name: *(Please Print)*<br>Keith W. Watters, Esq. | Relationship to Lawsuit |
|---|---|
| Firm Name:<br>Keith Watters & Associates | ☑ Attorney for Plaintiff |
| Telephone No.: (202) 293-5772   DC Bar No.: 319210 | ☐ Self (Pro Se)<br>☐ Other: _____ |

TYPE OF CASE:   ☐ Non-Jury      ☑ 6 Person Jury      ☐ 12 Person Jury
Demand: $ 25,000,000.00                                Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED
Case No.: _____   Judge: _____   Calendar #: _____

Case No.: _____   Judge: _____   Calendar #: _____

**NATURE OF SUIT:**   *(Check One Box Only)*

**CONTRACT**
- ☐ Breach of Contract
- ☐ Breach of Warranty
- ☐ Condo/Homeowner Assn. Fees
- ☐ Contract Enforcement
- ☐ Negotiable Instrument

**COLLECTION/INS. SUB**
- ☐ Debt Collection
- ☐ Insurance Subrogation
- ☐ Motion/Application for Judgment by Confession
- ☐ Motion/Application Regarding Arbitration Award

**EMPLOYMENT DISPUTE**
- ☐ Breach of Contract
- ☐ Discrimination
- ☐ Wage Claim
- ☐ Whistle Blower
- ☐ Wrongful Termination

**REAL PROPERTY**
- ☐ Condo/Homeowner Assn. Foreclosure
- ☐ Declaratory Judgment
- ☐ Drug Related Nuisance Abatement
- ☐ Ejectment
- ☐ Eminent Domain
- ☐ Interpleader
- ☐ Other
- ☐ Quiet Title
- ☐ Specific Performance
- ☐ **FRIENDLY SUIT**
- ☐ **HOUSING CODE REGULATIONS**
- ☐ **QUI TAM**
- ☐ **STRUCTURED SETTLEMENTS**

**ADMINISTRATIVE PROCEEDINGS**
- ☐ Administrative Search Warrant
- ☐ App. for Entry of Jgt. Defaulted Compensation Benefits
- ☐ Enter Administrative Order as Judgment
- ☐ Libel of Information
- ☐ Master Meter
- ☐ Petition Other

- ☐ Release Mechanics Lien
- ☐ Request for Subpoena

**MALPRACTICE**
- ☐ Medical – Other
- ☐ Wrongful Death

**AGENCY APPEAL**
- ☐ Dangerous Animal Determination
- ☐ DCPS Residency Appeal
- ☐ Merit Personnel Act (OEA)
- ☐ Merit Personnel Act (OHR)
- ☐ Other Agency Appeal

☐ **APPLICATION FOR INTERNATIONAL FOREIGN JUDGMENT**

CV-496/February 2023

# Information Sheet, Continued

**CIVIL ASSET FORFEITURE**
- [ ] Currency
- [ ] Other
- [ ] Real Property
- [ ] Vehicle

**NAME CHANGE/VITAL RECORD AMENDMENT**
- [ ] Birth Certificate Amendment
- [ ] Death Certificate Amendment
- [ ] Gender Amendment
- [ ] Name Change

**TORT**
- [ ] Abuse of Process
- [ ] Assault/Battery
- [ ] Conversion
- [ ] False Arrest/Malicious Prosecution
- [ ] Libel/Slander/Defamation
- [ ] Personal Injury
- [ ] Toxic Mass
- [x] Wrongful Death (Non-Medical Malpractice)

**GENERAL CIVIL**
- [ ] Accounting
- [ ] Deceit (Misrepresentation)
- [ ] Fraud
- [ ] Invasion of Privacy
- [ ] Lead Paint
- [ ] Legal Malpractice
- [ ] Motion/Application Regarding Arbitration Award
- [ ] Other - General Civil
- [ ] Product Liability
- [ ] Request for Liquidation
- [ ] Writ of Replevin
- [ ] Wrongful Eviction

**CIVIL I/COMPLEX CIVIL**
- [ ] Asbestos

**MORTGAGE FORECLOSURE**
- [ ] Non-Residential
- [ ] Residential

**STATUTORY CLAIM**
- [ ] Anti – SLAPP
- [ ] Consumer Protection Act
- [ ] Exploitation of Vulnerable Adult
- [ ] Freedom of Information Act (FOIA)
- [ ] Other

**TAX SALE FORECLOSURE**
- [ ] Tax Sale Annual
- [ ] Tax Sale Bid Off

**VEHICLE**
- [ ] Personal Injury
- [ ] Property Damage

- [ ] **TRAFFIC ADJUDICATION APPEAL**
- [ ] **REQUEST FOR FOREIGN JUDGMENT**

_____
Filer/Attorney's Signature

02/19/2024
_____
Date

CV-496/February 2023

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| **TEQUANITHA STEWART, Personal Representative of the ESTATE OF KRISTIAN DAQUAN STEWART** <br> 7336 Dover Mill Drive SW <br> Concord, NC 28025 <br><br> Plaintiff, <br><br> v. <br><br> **WINGATE PROPERTIES LLC** <br> **d/b/a THE GARDENS** <br> 6305 Ivy Lane, Suite 140 <br> Greenbelt, MD 20770 <br><br> <u>Serve Registered Agent</u>: <br> Corporation Service Co. <br> 1090 Vermont Avenue NW <br> Washington, DC 20005 <br><br> **CIH WINGATE MANAGEMENT LLC** <br> **d/b/a THE GARDENS** <br> 6305 Ivy Lane, Suite 140 <br> Greenbelt, MD 20770 <br><br> <u>Serve Registered Agent</u>: <br> Corporation Service Co. <br> 1090 Vermont Avenue NW <br> Washington, DC 20005 <br><br> **CIH PROPERTIES INC.** <br> **d/b/a THE GARDENS** <br> 6305 Ivy Lane, Suite 140 <br> Greenbelt, MD 20770 <br><br> <u>Serve Registered Agent</u>: <br> Corporation Service Co. <br> 1090 Vermont Avenue NW <br> Washington, DC 20005 <br><br> Defendants. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | Case No. _____2024-CAB-001060_____ |

1

## COMPLAINT
### (Negligence; Wrongful Death; Survival)

COMES NOW Plaintiff Tequanitha Stewart, Personal Representative of the Estate of Kristian Daquan Stewart, by and through undersigned counsel, and hereby moves for judgment against Defendants Wingate Properties LLC, CIH Wingate Management LLC, and CIH Properties Inc. (collectively "Defendants") on the grounds and in the amount as hereinafter set forth:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to D.C. Code § 11-921.

2. This Court has personal jurisdiction over Defendants pursuant to D.C. Code § 13-423(a) because Defendants transact business in the District of Columbia and caused tortious injury in the District of Columbia by acts and omissions in the District of Columbia.

3. Venue is proper in this Court because all or a substantial portion of the events or omissions giving rise to this action occurred in the District of Columbia.

### PARTIES

4. Kristian Daquan Stewart is a 21-year-old decedent.

5. At all times relevant herein, Kristian Daquan Stewart was an invitee at The Gardens, an apartment complex located at 78 Galveston Street SW, Washington, DC 20032 (hereinafter "The Gardens"), and was shot and murdered at The Gardens due to the careless and negligent conduct of Defendants.

6. Plaintiff Tequanitha Stewart is the surviving mother of Kristian Daquan Stewart.

7. Defendant Wingate Properties LLC is a for-profit business entity organized and existing under the laws of the District of Columbia.

2

8. Defendant CIH Wingate Management LLC is a for-profit business entity organized and existing under the laws of the District of Columbia.

9. Defendant CIH Properties Inc. is a for-profit business entity organized and existing under the laws of the District of Columbia.

10. At all times relevant herein, Defendants owned, operated, managed, and/or maintained The Gardens.

11. At all times relevant herein, Defendants were acting by and through their employees and/or agents, all of whom were acting within the course and scope of their agency or employment, for and on behalf of Defendants.

## **FACTS**

12. On March 23, 2023, Kristian Daquan Stewart was lawfully visiting The Gardens.

13. At approximately 7:30 pm on March 23, 2023, a physical fight began between two individuals in the outside common area at The Gardens.

14. Upon information and belief, these two individuals were juveniles.

15. Kristian Daquan Stewart was not involved in the fight.

16. There was a large crowd of at least 20 individuals cheering on the fight.

17. Upon information and belief, most of the individuals in the large crowd were juveniles.

18. Upon information and belief, a security guard was also watching the fight.

19. Upon information and belief, the security guard failed to intervene and failed to call 911 during the fight.

20. The fight escalated into a riot as multiple individuals physically fought one another.

21. A group of at least five individuals jumped Kristian Daquan Stewart and began physically assaulting him while he was on the ground.

22. During the riot, an assailant began shooting six or more bullets, which fatally struck Kristian Daquan Stewart (hereinafter "the Shooting").

23. Kristian Daquan Stewart suffered two gunshot wounds, one to his left foot and one to his left arm with exit and re-entry into his left chest cavity, according to the Autopsy Report.

24. Upon information and belief, the security cameras focused on the area where the Shooting occurred were not operable on March 23, 2023.

25. Upon information and belief, Defendants knew that the security cameras were not operable.

26. The Gardens and its immediate vicinity had a very high crime rate in the five years prior to the Shooting.

27. According to the Metropolitan Police Department, in the five years prior, there were 155 incidents of violent crime and 342 incidents of property crime reported within 1,000 feet of The Gardens.

28. Of these 155 incidents of violent crime, 15 were Homicide; 9 were Sex Abuse; 77 were Assault with a Dangerous Weapon; and 54 were Robbery.

29. Many of the reported Homicides and Assaults with a Dangerous Weapon in the past few years at and near The Gardens involve shootings and/or the use of guns. Some of these include:

- On January 21, 2023, an adult male was fatally shot in the 4700 block of 1st Street SW.

- On December 31, 2022, an adult male was shot in the 3900 block of South Capitol Street SW.

- On July 28, 2022, a juvenile male was shot in the Unit block of Galveston Street SW.

- On July 4, 2022, an adult male was fatally shot in the 100 block of Ivanhoe Street SW.

- On June 21, 2022, an adult male was shot in the Unit block of Galveston Street SW.

- On May 10, 2022, an adult male was fatally shot in the Unit block of Galveston Street SW.

- On January 21, 2022, two adult males were fatally shot in the Unit block of Forrester Street SW.

- On October 28, 2021, a victim was shot in the 4600 block of South Capitol Street SW.

- On October 1, 2021, six victims were shot (one fatal) in the Unit block of Forrester Street SW.

- On August 12, 2021, a suspect brandished a gun during an argument and shot at the victim in the 4600 block of South Capitol Street SW.

- On June 18, 2021, an adult male was fatally shot in the Unit block of Galveston Place SW.

30. In addition to the high crime rate at and near The Gardens, the Metropolitan Police Department also recovers a vast number of firearms from the area. Some of these firearm recoveries in the few years prior to the Shooting include:

- On February 14, 2023, a Springfield Armory Hellcat 9mm caliber handgun was recovered in the Unit block of Galveston Street SW.

- On September 28, 2022, an assault rifle was recovered in the Unit block of Galveston Street SW.

- On July 17, 2022, a Cobray M-11 9mm caliber handgun and a Ruger 9mm caliber handgun were recovered in the Unit block of Galveston Street SW.

- On May 21, 2022, a Glock 19 9mm caliber handgun was recovered in the 100 block of Galveston Street SW.

- On February 17, 2022, a Hi-Point JCP .40 caliber handgun was recovered in the Unit block of Galveston Street SW.

- On January 20, 2022, a Springfield Armory XD40 .40 caliber handgun was recovered in the 100 block of Galveston Street SW.

- On November 6, 2021, a Taurus Millennium G2 PT111 9mm caliber handgun was recovered in the 100 block of Galveston Street SW.

- On August 30, 2021, a 9mm caliber "Ghost Gun" handgun was recovered in the Unit block of Galveston Street SW.

- On July 12, 2021, a 9mm caliber "Ghost Gun" handgun was recovered in the Unit block of Galveston Street SW.

- On April 13, 2021, a Taurus G2C 9mm caliber handgun was recovered in the Unit block of Galveston Street SW.

- On January 5, 2021, a Taurus G2C 9mm caliber handgun was recovered in the Unit block of Galveston Street SW.

31. Despite the high rate of criminal activity and shootings occurring at and near The Gardens, and Defendants' actual or constructive knowledge of such, Defendants failed to make the reasonable and necessary security improvements to The Gardens prior to the Shooting, such as installing more security cameras or adding more security guards.

32. In addition, despite the high rate of criminal activity and shootings occurring at and near The Gardens, and Defendants' actual or constructive knowledge of such, Defendants failed to repair the inoperable security cameras prior to the Shooting, and thus failed to properly monitor the activities of persons at The Gardens and prevent highly foreseeable criminal activity.

33. In addition, despite the high rate of criminal activity and shootings occurring at and near The Gardens, and Defendants' actual or constructive knowledge of such, Defendants failed to provide the necessary and competent security guards at The Gardens.

## COUNT ONE
## NEGLIGENCE; WRONGFUL DEATH

34. Plaintiff incorporates by reference paragraphs 1 through 33 of the Complaint as if fully set out herein.

35. This claim arises under the District of Columbia Wrongful Death Act, D.C. Code § 16-2701, et seq. ("Wrongful Death Act").

36. At all times relevant, Defendants had a duty to maintain The Gardens in a reasonably safe condition for invitees, including Kristian Daquan Stewart.

37. At all times relevant, Defendants also had a duty to anticipate and take reasonable steps to address and/or reasonably prevent highly foreseeable criminal activity which was likely to occur or expose persons at The Gardens, including Kristian Daquan Stewart, to an unreasonable risk of injury.

38. At all times relevant, Defendants also had a duty to protect invitees, including Kristian Daquan Stewart, from third-party criminal acts, including shootings, which it knew or should have known were occurring at The Gardens and in the immediate surrounding area.

39. At all times relevant, Defendants also had a duty to protect invitees, including Kristian Daquan Stewart, from third-party criminal acts, including shootings, which it knew or should have known could occur at The Gardens.

40. At all times relevant, Defendants also had a duty to guard against the Shooting because it had increased awareness of criminal activities and specifically shootings at The Gardens and in the immediate surrounding area prior to the Shooting, thereby providing Defendants with heightened foreseeability that such an act by third parties could or was likely to occur.

41. At all times relevant, Defendants also had a duty to use reasonable care to hire, train, supervise, and retain competent employees and agents to provide protection and safety to invitees at The Gardens, including Kristian Daquan Stewart.

42. Defendants are liable individually for their own negligent acts and omissions as well as the negligent acts and omissions of their employees and agents.

43. Defendants, individually or by and through their employees and agents, breached said duties of care and acted with less than reasonable care and were negligent in one or more of the following ways:

   (a) Failed to maintain The Gardens in a reasonably safe condition for invitees, including Kristian Daquan Stewart;

   (b) Failed to protect invitees, including Kristian Daquan Stewart, from third-party criminal acts at The Gardens;

8

(c)     Failed to guard against the Shooting after increased awareness of criminal activities and specifically shootings at The Gardens and in the immediate surrounding area prior to the Shooting;

(d)     Failed to adequately detect and respond to the physical fight and riot;

(e)     Failed to repair the inoperable security cameras prior to the Shooting;

(f)     Failed to intervene in the physical fight and riot;

(g)     Failed to timely call 911;

(h)     Failed to hire, train, supervise, and retain competent employees and agents to maintain The Gardens in a reasonably safe condition for invitees, including Kristian Daquan Stewart;

(i)     Failed to hire, train, supervise, and retain competent employees and agents to protect invitees, including Kristian Daquan Stewart, from third-party criminal acts;

(j)     Failed to hire, train, supervise, and retain competent employees and agents to guard against the Shooting;

(k)     Failed to hire, train, supervise, and retain competent employees and agents to adequately detect and respond to the physical fight and riot; and

(l)     Failed to supervise the competency of their employees and agents in the performance of security services at The Gardens.

44.     The aforementioned conduct of Defendants, individually and through their employees and agents, directly caused Kristian Daquan Stewart to be shot and wounded at The Gardens on March 23, 2023.

45.     As a direct and proximate result of the negligence of Defendants, Kristian Daquan Stewart's next of kin beneficiary is entitled to recover:

(a)     Medical, nursing, and hospital bills;

(b)     Funeral expenses; and

(c)     Any other damages recoverable under the Wrongful Death Act.

**WHEREFORE**, Plaintiff Tequanitha Stewart, Personal Representative of the Estate of Kristian Daquan Stewart, hereby demands judgment against Defendants Wingate Properties LLC, CIH Wingate Management LLC, and CIH Properties Inc., jointly and severally, in the amount of Twenty-Five Million Dollars ($25,000,000.00), plus interest and costs.

## COUNT TWO
## NEGLIGENCE; SURVIVAL

46. Plaintiff incorporates by reference paragraphs 1 through 33 and 36 through 44 of the Complaint as if fully set out herein.

47. This claim arises under the District of Columbia Survival Act, D.C. Code § 12-101 ("Survival Act").

48. Kristian Daquan Stewart's right of action for his injuries prior to his death caused by the negligent conduct of Defendants survives in favor of Plaintiff Tequanitha Stewart, Personal Representative of the Estate of Kristian Daquan Stewart.

49. As a direct and proximate result of the negligence of Defendants, the Estate of Kristian Daquan Stewart is entitled to recover:

(a) For Kristian Daquan Stewart's conscious pain and suffering;

(b) The value of Kristian Daquan Stewart's reasonable and necessary medical and hospital expenses;

(c) The amount of money Kristian Daquan Stewart would have accumulated over the course of his normally expected lifetime; and

(d) Any other damages recoverable under the Survival Act.

**WHEREFORE**, Plaintiff Tequanitha Stewart, Personal Representative of the Estate of Kristian Daquan Stewart, hereby demands judgment against Defendants Wingate Properties LLC, CIH Wingate Management LLC, and CIH Properties Inc., jointly and severally, in the amount of Twenty-Five Million Dollars ($25,000,000.00), plus interest and costs.

Respectfully submitted,

/s/ Keith W. Watters
Keith W. Watters, Esq. (DC Bar No. 319210)
Janelle R. Kuehnert, Esq. (DC Bar No. 155817)
KEITH WATTERS & ASSOCIATES
1667 K Street NW, Suite 1125
Washington, DC 20006
(202) 887-1990
keithwatters@verizon.net

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

/s/ Keith W. Watters
Keith W. Watters, Esq.